### State *versus* Lane & al.

In *Scire Facias*, upon a recognizance to the State, in a prosecution for crime, the Court, in order to discover what crime is charged, can look only to the recitals in the recognizance.

The Court cannot assume, that acts, which may be consistent with innocence, and are not charged to be in violation of law, are criminal, merely by reason of their being so denominated by the magistrate.

A complaint merely charging "the crime of having sold a quantity of spirituous liquors," charges no offence.

SCIRE FACIAS against the sureties in a recognizance taken before the Judge of the municipal court of the town of Saco, in a prosecution against one Jeremiah Gordon.

After oyer of the recognizance, the defendants demurred generally to the declaration.

The recognizance was taken on the seventh day of Oct. 1851. The condition of it was "that, whereas said Jeremiah Gordon has been brought before me, by virtue of a warrant duly issued by me, upon the complaint, on oath, of John H. Gowen of said Saco, charging him, said Jeremiah Gordon, with the crime of having sold at Saco, in said county of York, on the twenty-eighth day of September, now last past, a quantity of spirituous liquors therein, to wit : One glass of Brandy to one Moses Leighton of said Saco, and the said Jeremiah Gordon having pleaded not guilty to said complaint,

but having been by me found guilty of the same, and been sentenced by me to forfeit and pay the sum of ten dollars to said town of Saco, where said Jeremiah Gordon resides, for the use of the poor; and costs of the prosecution, taxed at four dollars and twenty-six cents, and that he stand committed until the same be paid. And the said Jeremiah Gordon having claimed an appeal from said sentence and judgment to the next District Court for the Western District, to be held at Alfred within and for the county of York, on the third Monday of October next; — Now, therefore, if said Jeremiah Gordon shall appear at the Court aforesaid, and prosecute his said appeal, and pay all costs, fines and penalties that may be awarded against him upon a final disposition of the aforesaid complaint, then this recognizance shall be void; otherwise remain in full force and virtue.    " Frederic Greene, Judge."

*J. Shepley* and *Hayes*, in support of the demurrer.

The recognizance is void : —

1. It contains no description of any offence. R. S. chap. 171, sect. 30 ; *State* v. *Godfrey*, 24 Maine, 233, 234 ; *State* v. *Corson*, 1 Fairf. 476.

2. It does not show when the judgment on the complaint was rendered, and consequently it does not show that it was taken within twenty-four hours after judgment.    Stat. of 1851, chap. 211, sect. 6.

3. It does not appear by the recognizance that the bond required by the statute was given, which was necessary, by the provisions of the statute, before the appeal could be allowed.    Stat. of 1851, ch. 211, § 6.

4. The recognizance is void for *duress*, having been required and taken as a condition of allowing to the accused, in a criminal prosecution, the right to a trial by jury, and by virtue of an unconstitutional statute provision. Const. of Maine, Art. 1, § 6 ; *Johnson's case*, 1 Greenl. 230 ; Stat. of 1784, concerning justices of the peace, § 3 ; Stat. of 1821, ch. 76, § 3 ; R. S. ch. 170, § 8 ; 22 Pick. 14 ; R. S. chap. 169, § 7, 10 ; Stat. of 1851, chap. 211, § 6 ; 4 Blackstone's Com. 350.

5. The provisions of the statute requiring the recognizance are also void, because repugnant to the 9th section of article 1 of the Constitution of Maine, which provides that "excessive bail shall not be required."

*Tallman*, Attorney General, for the State.

Howard J. — It does not appear by the recognizance that the magistrate, by whom it was taken, had authority to receive it. His jurisdiction cannot be presumed, nor can such as he assumed be upheld; for in fact, the recognizance does not contain a sufficient description of any offence cognizable by him, or known to the law.

The charge against the accused, as stated in the recognizance to which we must look, and beyond which we cannot go for a description of the offence, is " the crime of having sold at Saco in said county of York, on the twenty-eighth day of September, now last past, a quantity of spirituous liquors therein : — to wit, one glass of brandy, to one Moses Leighton of said Saco." But it is not alleged, that the accused was not within the exception of the first and second sections of the Act, under which the complaint was preferred, or that the sale was in violation of the provisions of that Act, or of any law. He may have been appointed an agent for the town, and may have sold the spirituous liquors to be used for medical and mechanical purposes only, and the allegation in the complaint against him, as recited in the recognizance, may have been proved, without his incurring a penalty. We cannot assume, that acts which are consistent with innocence, and not alleged to be in violation of law are criminal, because they are so denominated by the magistrate, and when the facts necessary to constitute the crime are not stated. Stat. 1851, chap. 211, sect. 1, 2, 3, 4 ; R. S. chap. 171, sect. 30.

We are satisfied, for the reasons suggested, that the declaration is bad, and this conclusion renders the consideration of other positions, taken at the argument unnecessary.

*Judgment for defendants, with costs.*